**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gilberto SANCHEZ–MONTANO,**
**Defendant–Appellant.**

No. 11–50011.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2011.*

Filed Nov. 8, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel Earl Zipp, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM **

Gilberto Sanchez–Montano appeals from his jury-trial conviction and 48–month sen-

** This disposition is not appropriate for publication and is not precedent except as provid-

tence for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez–Montano contends that his sentence is substantively unreasonable because the district court failed to account for the staleness of his prior felony conviction that triggered a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). This contention lacks merit. The record reflects that the district court considered the age of the conviction, in conjunction with the 18 U.S.C. § 3553(a) sentencing factors, prior to granting a downward variance from the adjusted Guidelines range. The sentence is substantively reasonable under the totality of the circumstances and in light of the § 3553(a) sentencing factors. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Sanchez–Montano's contention that his Sixth Amendment right to confrontation was violated by the admission of a warrant of removal is foreclosed. *See United States v. Orozco–Acosta,* 607 F.3d 1156, 1164 (9th Cir.2010).

**AFFIRMED.**